UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUANE HAYES, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 1:25-cv-00483-JMS-KMB |
| MARK SEVIER, Warden; | ) |
| FOY, EMT; | ) |
| MILLIKEN, Dr.; | ) |
| JACOBS, Ms.; and | ) |
| JOHNSON, N.P., | ) |
| *Defendants*. | ) |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Duane Hayes is a prisoner at the New Castle Correctional Facility. He filed this lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights after causing him to fall and break his shoulder, and then failing to provide him proper medical treatment. [Filing No. 1-2.] Because Mr. Hayes is incarcerated, this Court must screen his Amended Complaint. 28 U.S.C. § 1915A(a), (c).

**I.**
**SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See *Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## THE COMPLAINT

Mr. Smith's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. Hayes alleges that EMT Foy gave him medical booties that were too large for his feet, leading him to fall and injure his shoulder. [Filing No. 1-2 at 5.] He states that Defendants Dr. Milliken, Ms. Jacobs, and Nurse Johnson knew of his injury and were supposed to help him get surgery but intentionally did not do so. [Filing No. 1-2 at 5.]

Mr. Hayes filed suit in the Henry County Circuit Court against Warden Mark Sevier, EMT Foy, Dr. Milliken, Ms. Jacobs, and Nurse Johnson. [Filing No. 1-2 at 1.] In his Complaint, Mr. Hayes further alleged that Warden Sevier is responsible for not providing him with the proper healthcare. [Filing No. 1-2.]

Mr. Hayes also asserts an Eighth Amendment claim of deliberate indifference to a serious medical need against all Defendants. [*See* Filing No. 1-2.] Mr. Hayes' Complaint requests access to medical care for his shoulder and damages from the Defendants. [Filing No. 1-2 at 4.]

The Defendants have removed the action to this Court. [Filing No. 1.]

## III.
## DISCUSSION OF CLAIMS

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Hayes has identified the theories he wishes to use—the Eighth Amendment against all Defendants. Where a *pro se* litigant has expressly stated the legal theory that he wishes to pursue,

2

the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  See *Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)).  The Court analyzes Mr. Hayes claims only under the theories he has identified.

Applying the screening standard to the factual allegations in the Complaint, certain claims are dismissed while other claims shall proceed as submitted.

A.      **Warden Sevier**

"A prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996).  Therefore, a "supervising prison official" can be held liable under §1983 only if "that officer is shown to be personally responsible for a deprivation of a constitutional right."  *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996).  To be held personally responsible, "the official must actually have participated in the constitutional wrongdoing."  *Antonelli*, 81 F.3d at 1428 (citation omitted).

In this case, Mr. Hayes has provided no allegation that the Warden had any direct involvement in his supposed injuries and failure to receive medical treatment.  Thus, as a matter of law, the Warden cannot be liable for Mr. Hayes's Eighth Amendment claim.

The Eighth Amendment claim against Warden Sevier is **DISMISSED**.

B.      **EMT Foy**

1.      *Eighth Amendment*

The constitutional provision implicated by Mr. Hayes' claim is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments.  *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").  In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical

care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

In this case, Mr. Hayes alleges that EMT Foy provided him with medical footwear several sizes too large, such that Mr. Hayes tripped and severely injured his shoulder. Under the above standard, Mr. Hayes may have, at most, stated a claim for negligence, but negligence alone does not state a claim of Eighth Amendment deliberate indifference against EMT Foy. *Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence). In any event, he states that EMT Foy was the cause of his injury, but that is merely a conclusion, and Mr. Hayes' allegations are inadequate as to how his injury occurred and for what reason EMT Foy provided the medical booties. An Eighth Amendment claim against EMT Foy is **DISMISSED**.

   C.  Dr. Milliken, Ms. Jacobs, and Nurse Johnson

     1.  *Eighth Amendment*

"Prison officials can be liable for violating the Eighth Amendment when they display deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). "Thus, to prevail on a deliberate indifference claim, a plaintiff must show '(1) an objectively serious medical condition to which (2) a state official was deliberately,

4

that is subjectively, indifferent.'" *Johnson v. Dominguez*, 5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).

Mr. Hayes alleges that Dr. Milliken, Ms. Jacobs, and Nurse Johnson all had some kind of involvement or knowledge with his shoulder care, but he does not specify exactly what they knew about his condition, whether they knew his condition was serious, what their responsibilities were toward him, and whether they knew the risk of harm to him. Not only does the Complaint lack detail, it is also conclusory. Under the above standard, Mr. Hayes has not stated a claim for Eighth Amendment deliberate indifference to a serious medical need. Mr. Hayes' Eighth Amendment claims against Dr. Milliken, Ms. Jacobs, and Nurse Johnson are **DISMISSED**.

### IV.
#### CONCLUSION

All of Mr. Hayes' alleged claims have been **DISMISSED**.

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his Complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through June 15, 2025, to file an amended complaint**.

The Amended Complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of

the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he should use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any Amended Complaint should have the proper case number, 1:**-cv-*** and the words "Amended Complaint" on the first page. The Amended Complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an Amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no Amended Complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

Date: 5/19/2025

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DUANE HAYES
220817
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Laura K. Binford
RILEY BENNETT EGLOFF LLP
lbinford@rbelaw.com

Joseph Thomas Lipps
BBFCS ATTORNEYS
jlipps@bbfcslaw.com

Lindsay A. Llewellyn
Riley Bennett Egloff LLP
lllewellyn@rbelaw.com